**Zhen Hui YE, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondent.**

No. 03–40884–AG.

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Yee Ling Poon, Jay Ho Lee, New York, New York, for Petitioner.

Gregory A. White, United States Attorney, Bruce A. Khula, Assistant United States Attorney for the Northern District of Ohio, Cleveland, OH, for Respondent.

Present: Hon. Richard J. CARDAMONE, Hon. Robert A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED,** the Board of Immigration Appeals' ("BIA") October 14, 2003 order is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings in accordance with this decision.

Zhen Hui Ye, a citizen and national of the People's Republic of China ("China"), petitions for review of the BIA's October 14, 2003 order affirming the decision of an Immigration Judge ("IJ") that denied Ye's claims for asylum and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). Ye alleges that his wife was forcibly sterilized by Chinese officials, and that he fears being tortured if he is returned to China. The IJ found Ye did not demonstrate eligibility for the relief he sought. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the IJ or BIA's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003)). This Court reviews questions of law and an IJ's application of law to fact *de novo.* *Secaida–Rosales,* 331 F.3d at 307.

mer Attorney General John Ashcroft as a re-        spondent in this case.

Although the IJ stated that she had concerns about Ye's credibility, she never explicitly decided whether Ye was credible. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000) (remanding for an explicit determination of whether petitioner was credible). The IJ's statements—"even assuming [Ye's] testimony is true" and "[t]aking [Ye's] testimony as true"—do not indicate whether the IJ found Ye credible.

In discussing her concerns about Ye's credibility, the IJ considered Ye's airport interview at which Ye stated he came to the United States because his wife was pregnant, and the couple did not want her to be forcibly aborted in China. However, the IJ did not explain whether she examined the airport interview under the factors laid out in *Ramsameachire*, 357 F.3d at 179 (stressing that the BIA should "closely examine each airport interview before concluding that it represents a sufficiently accurate record of the alien's statements to merit consideration in determining whether the alien is credible").

The IJ also based her credibility concerns on the lack of documentary proof of the sterilization of Ye's wife—notably, the lack of a sterilization certificate and the submission of a questionable X-ray of the alleged operation. While lack of corroborating evidence may be relevant in making a credibility determination, in this case, the IJ explained neither why it was reasonable to expect such corroborating documentation nor why Ye's explanations for the lack of such corroboration were insufficient. *See Diallo*, 232 F.3d at 290.

The IJ also found that Ye's testimony concerning his wife's alleged sterilization ran contrary to the information contained in the State Department Profile on China. Generally such reports can be useful in determining country conditions. However in this case, the IJ's conclusion that because there are no reported cases of forced sterilizations, the petitioner was not forcibly sterilized, was not appropriate. There may well have been unreported cases of such sterilizations. *Cf. Chen v. INS*, 359 F.3d 121, 130–32 (2d Cir.2004).

After examining the record, the IJ determined that Ye did not meet his burden of proof of showing that it is more likely than not he would be tortured because he was smuggled out of China. The IJ did not base this finding on her credibility determination for asylum and withholding of removal, but instead, on the evidence in the record, including petitioner's testimony. *See Ramsameachire*, 357 F.3d at 185.

Although the IJ properly found that Ye failed to meet his burden of proof concerning his CAT claim, the IJ failed to explicitly decide whether Ye was credible with regard to his claims for asylum and withholding of removal. *See Diallo*, 232 F.3d at 290. In making her credibility determination, the IJ must explain whether she examined the airport interview under the factors laid out in *Ramsameachire*, 357 F.3d at 179–80. The IJ must explain also why it is reasonable to expect corroborating documentation from Ye and why Ye's explanations for the lack of such corroboration are insufficient. *See Diallo*, 232 F.3d at 290. If the IJ finds that Ye has met his burden of proving past persecution based on the sterilization of his wife, then, under *Matter of Y–T–L–*, 23 I. & N. Dec. 601, 2003 WL 21206539 (BIA 2003), the IJ should find that Ye has a well-founded fear of persecution.

Because of the above errors in the IJ's decision, we grant the petition, vacate the BIA's decision, and remand to the BIA for further proceedings in accordance with this decision. *See Gao v. Gonzales*, 424 F.3d 122 (2d Cir.2005).